BLAINE WEST, BERNARD WEST

*and* ALMA WEST

*v.*

OSENA TRUMAN, HERBERT TRUMAN

ARELIA WEST JARVIS, NATHAN

BOGGS, MATTIE BOGGS, EMMA

MCGRAW, PATRICK MCGRAW, CHARLES

RUSSELL JARVIS *and* HENRY M. JARVIS,

(No. 14013)

Decided December 19, 1980.

*Larry L. Skeen* for appellants.

*Hedges & Jones, Orton A. Jones and Thomas C. Evans, III,* for appellees.

NEELY, CHIEF JUSTICE:

The facts of this case begin with a deed of 11 March 1893 and extend to the present time. The conveyances in question are in many regards a parody of the land law: certain conveyances were made to protect the grantor from his creditors;[1] others were made for the purpose of providing support to certain individuals for life;[2] and, finally one actually involves a conveyance to "heirs" as grantees which presents the whole problem of the Rule in Shelley's Case or at least related issues.[3]

The facts of this property dispute are extremely complex, primarily because the foundation of the title was complicated when the original grantor attempted to use certain legal transactions to avoid his creditors. The original grantor, James M. West, Sr. conveyed his property through a series of deeds so that he kept a life estate but the property was deeded to his only living daughter at the time, Mary Ellen West, also known as Ella May, and to his heirs of the second part. The heirs of the second part are the

---

[1] By deed of 8 May 1893 James M. West conveyed the land to Tilson Dawson, reserving a life estate for himself.

[2] By deed of 23 December 1936 James M. West, Sr., conveyed to James M. West, Jr. all of the land with two reservations. One was that the daughters Arelia Jarvis and Bessie West "are to be provided a home at the above named place, so long as they remain single" and the other reservation was that in the event that oil or gas should be developed, Seldon West was to have one-fourth (1/4) of all proceeds and Aleck West, was to have one-fourth (1/4) of all proceeds.

[3] By deed of 25 June 1894 Jilson Dawson conveyed the property to Mary Ellen West, heir of James M. West and Nancy Jane West, to the heirs of said James M. West of the 2nd part. The habendum clause of said deed purported to vest a "life time interest" in James M. West and Mary Jane West, although neither of said two persons was designated a party to the deed.

additional eight children that the Wests had after the deed was signed.

In 1936, the plaintiffs' predecessor in title began to hold this land under color of a deed which conveyed to James M. West, Jr. the land in question with two reservations: first, that grantor's daughters be provided a home while they remained single; second, that two other persons have each a one-quarter interest in oil or gas should such be discovered. Those who were to receive the interest in the oil and gas were not grantees in the deed, and since no oil or gas has been discovered, we decline to address the question of any trust which may have been created by this language.

James M. West, Jr. actively farmed the land and held it adversely, openly and notoriously under color of title, namely the 1936 deed until his death intestate in 1955, *Somon v. Murphy Fabrication Erection Co.*, 160 W.Va 84, 232 S.E. 2d 524 (1977). His heirs brought this action to clear title and the Circuit Court found that James M. West held by adverse possession under color of title for the requisite time. The Circuit Court found that throughout the period from 1937 to 1969, when this action to clear title first commenced, only James West, Jr. claimed possession of the property in question. His sister, Arelia Jarvis, lived on the property under the reservation clause for unmarried daughters and she admitted that she always treated the property as owned by her brother, James M. West, Jr. We agree and therefore affirm the Circuit Court.

*Affirmed.*